IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3101 |
| vs. | MEMORANDUM AND ORDER |
| CAMERON MITCHELL, | |
| Defendant. | |

    This matter is before the Court on initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 77) filed by the defendant, Cameron Mitchell, and the amended motion (filing 81) filed through appointed counsel. The defendant's initial motion (filing 77) was timely filed less than 1 year after the Supreme Court initially recognized the right that the defendant's motion asserts. *See*, § 2255(f); *Johnson v. United States*, 135 S. Ct. 2551 (2015).

    The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently

incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see Sinisterra*, 600 F.3d at 906.

The defendant was convicted, in this case and another case, of three counts of bank robbery in violation of 18 U.S.C. § 2113(a) and two counts of use of a weapon during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Filing 74 at 1. The defendant was sentenced to a term of 370 months: 10 months for each bank robbery, sentences to run concurrently; 60 months for one of the weapons charges, consecutive to the prior sentence, and 300 months on the remaining weapons charge, to run consecutive to any other term of imprisonment imposed. Filing 74 at 3.

The defendant's motion is directed at the weapons charges: the defendant contends that pursuant to *Johnson*, the residual clause of the definition of "crime of violence" set forth in § 924(c)(3)(B) is unconstitutionally vague because, the defendant argues, it is substantially identical to the language struck down in *Johnson*. But the Eighth Circuit disagrees. *United States v. Prickett*, No. 15-3486, 2016 WL 5799691, at *3 (8th Cir. Oct. 5, 2016). The defendant is critical of the Eighth Circuit's reasoning. Filing 81 at 8. But whether a statute is constitutional is a question of law, *United States v. Frison*, 825 F.3d 437, 441 (8th Cir. 2016), and the Court is not at liberty to disagree with the Court of Appeals, *see Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003).

In short, under the Eighth Circuit's precedent, the defendant's allegations entitle him to no relief. Accordingly, his § 2255 motion will be summarily dismissed.

A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right: *Prickett* is squarely on point. Accordingly, the Court will not issue a certificate of appealability.[1]

---

[1] The Court recognizes that there is a division of authority in the federal circuits regarding the statutory language at issue. *See United States v. Hill*, No. 14-3872-CR, 2016 WL 4120667, at *11 (2d Cir. Aug. 3, 2016) (collecting cases striking down the effectively identical language of 18 U.S.C. § 16(b)). While the Court declines to issue a certificate of appealability in this case, the defendant can seek a certificate of appealability from the

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 77) is denied.

2. The defendant's amended motion to vacate under 28 U.S.C. § 2255 (filing 81) is denied.

3. The Court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

5. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 12th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge

---

Court of Appeals pursuant to Rule 22(b), if he can persuade that court to reconsider its precedent.